E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 |
| | : | (MJD/JGL) |
| This Document Relates to: | : | |
| **Beatrice King** | : | 02-CV-123 |

**REPLY OF PLAINTIFF BEATRICE KING TO DEFENDANTS' MOTION TO COMPEL EXPERT REPORTS**

COMES NOW Plaintiff Beatrice King, and submits this reply to the Motion to Compel Expert Reports, filed by Defendants' Bayer Corporation, Bayer AG, SmithKline Beacham Corporation, d/b/a GlaxoSmithKline, and GlaxoSmithKline plc on or about July 8, 2004. Plaintiff hereby requests that this Court enter an Order denying Defendants' Motion to Compel Expert Reports and states as follows:

## INTRODUCTION

Plaintiff Beatrice King has submitted a case specific expert report fully complying with PTO 114 and Fed. R. Civ. P. 26(a)(2) from Donald H. Marks, M.D., Ph.D. A copy of that report is attached hereto as **Exhibit A**. Dr. Marks is a board certified specialist in Internal Medicine and a Fellow of the American College of Physicians with many years of pharmaceutical industry and clinical research experience. Dr. Marks' report clearly satisfies the requirements set forth in PTO 114 and Fed. R. Civ. P. 26(a)(2). Defendants have filed a Joint Memorandum in Support of Motion to Compel Expert Reports, wherein they purport to challenge this report because it was in a format suggested by the Baycol Plaintiffs' Steering Committee (PSC).[1] However, even a cursory review of Defendants'

[1] Defendants appear to challenge "check-off, fill-in-the-blank" forms. (Def. Brief at 7). While there is no prohibition against such forms provided the requisite Rule 26 information is present, Dr. Marks did not "check-off" or "fill-in-the-blanks." Instead, his opinions and conclusions are stated in full, albeit in a form suggested by the PSC.

E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

Motion to Compel shows they are actually challenging the substance of the testimony, rather than the method the testimony was conveyed – a challenge inappropriate for a motion to compel.

Defendants, in their Motion to Compel Expert Reports, argue that Ms. King's expert report is too vague, and as a result, protracts this litigation because it "impair[s]the ability of the parties and the Court to narrow this MDL." See Def. Brief at 6. However, Defendants' arguments are couched in terms of "reliability" and "credibility." See Def. Brief at 8. Rule 26 requires an expert to submit his opinions and the bases therefore. Issues of reliability and credibility are for deposition, Daubert, and ultimately, the jury. While defendants may not **like** the opinions of Dr. Marks, opinions they are just the same. For the reasons set out below, defendants' motion is due to be denied.

## ARGUMENT

Defendants, in their motion, argue that the PSC expert report is useless and will result in an empty bureaucratic exercise. See Def. Brief at 2. This could not be further from the truth. Dr. Marks' report fully complies with Rule 26(a)(2) and is not vague and cursory. With respect to expert reports, Fed. R. Civ. P. 26(a)(2)(B) states:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

E-SERVED 07/29/04 10:01 AM ET Baycol MDL 1431

Fed. R. Civ. P. 26(a)(2)(B). Dr. Marks' report concerning Ms.King provides a complete statement of all his opinions and the basis for each. (Exh. A, ¶¶ 5,6). Dr. Marks listed the data he reviewed on which he based his conclusion that Ms. King suffered from injuries as a result of her taking Baycol (Exh. A, ¶ 4); he attached a detailed list of his qualifications to the report, and a list of all of his publications for the last ten years (Exh. A, ¶ 2); he listed the amount he was paid for his study and testimony (Id.); and provided a complete detailed report of all the cases in which he testified as an expert at trial or by deposition within the preceding four years (Exh. A, ¶ 2). Dr. Marks' report regarding Beatrice King complies with all of the requirements set forth in Rule 26(a)(2).

In their motion, defendants cite certain cases in support of their claim that Dr. Marks' expert report is a "vague, cursory, uninformative, boilerplate [report] which fail[s] to provide a detailed and complete disclosure of the experts' opinion and the facts and rationale, in violation of Rule 26(a)(2)." See Def. Brief at 11. However, the cases cited by Defendants' are inapposite. Dr. Marks' export report of Ms. Beatrice King's medical history is quite distinguishable from the disputed export reports in Sylla-Swandon v. Uniroyal Goodrich Tire Company, 47 F.3d 277 (8th Cir. 1995) cert. denied, 516 U.S. 822 (1995); Salgado v. General Motors Corporation, 150 F.3d 735 (7th Cir. 1998); and Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., 944 F. Supp. 1411 (D. Minn. 1996).

In Sylla-Swandon, the export report was so vague that the defense counsel had to depose the expert to find out what the experts qualifications were, and to find out the basis for his opinion. 47 F.3d at 284. In Salgado, the plaintiff submitted two reports that the court believed were "conclusory" in nature and therefore insufficient. 150 F.3d at

E-SERVED 07/29/04 10:01 AM ET Baycol MDL 1431

738. The court further concluded that the second report was insufficient pursuant to Rule 26(a), because it was "devoid of any factual basis for its conclusory opinions" and the second expert even "admitted that his report lacked a detailed discussion because he had not been provided with discovery materials." Id. In Upsher-Smith Laboratories Inc., the experts in their reports failed to disclose the basis for opinions contained in their conclusory reports. 944 F. Supp. at 1437.

Unlike the expert reports in Sylla-Swandon, Salgado, and Upsher-Smith Laboratories Inc., Dr. Marks attached his CV to his report, and provided more than fifteen factors that led him to his conclusion that Ms. King's injuries were a result of her ingestion of Baycol. There is nothing "sketchy or vague" or incomplete about Dr. Marks' expert report. Defendants are understandably fearful of Dr. Marks' report, as he relates the injuries or damages suffered by Ms. King to her ingestion of Baycol. Dr. Marks does more than merely suggest that Ms. King suffered injuries relating to her ingestion of Baycol. Dr. Marks does the exact opposite; he listed two specific injuries resulting from the ingestion of Baycol by Ms. King, Myalgia and Statin-Induced Myopathy. Furthermore, Dr. Marks provided the grounds that led him to the opinion that the ingestion of Baycol led to Ms. King's injuries in his report. Finally, defendants contend a causation conclusion should not be based **solely** on a temporal relationship. (Def. Brief at 8). However, Dr. Marks opinions were based on 16 factors, only two of which deal with the temporal relationship of Baycol use and injury. (Exh. A., ¶¶ 6(b) and (h)).

From Dr. Marks' report, one can conclude that he believes Baycol was responsible for Ms. King's injuries and provides the basis for his conclusion. Furthermore, one can read his CV and see that he is more than qualified to be an expert in

E-SERVED 07/29/04 10:01 AM ET Baycol MDL 1431

this current litigation.[2] This meets and exceeds the Rule 26 requirements for an expert report.

Nowhere in Rule 26(a)(2) does it require parties involved in a lawsuit, in their export report, to anticipate every single possibility or situation that could arise during litigation. In McCoy v. Whirlpool Corporation, 214 F.R.D. 646, 652 (D. Kan. 2003), the United States District Court for the District of Kansas considered the amount of information a party is required to disclose during the course of discovery. The Court reasoned,

> Indeed, while *Rule 26(a)(2)(B)* requires a complete statement of all opinions to be expressed and the basis and reasons therefor, along with the data or other information considered by the witness in forming the opinions, it does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion under Daubert. Nor does it require the expert to anticipate every criticism and articulate every nano-detail that might be involved in defending the opinion on cross examination at a Daubert Hearing.

214 F.R.D. at 652. Dr. Marks' report listed the injuries resulting from the ingestion of Baycol by Ms. King and notes the time period of Baycol usage in conjunction with the medical event suffered by the plaintiff. (Exh. A., ¶ 6).

Too much information in an expert report would also frustrate the purposes of Rule 26(a)(2) and would not promote judicial efficiency. The court in *McCoy* further reasoned that a "Failure to include the required information frustrates the purpose of candid and cost-efficient expert discovery—but so would a requirement of *too much* information." *Id.* Dr. Marks' information is sufficient, and puts the defendant on notice

[2] Defendants, in their motion, do not challenge Dr. Marks' qualifications.

E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

that it is his professional opinion that Ms. King's injuries were a result of her ingestion of Baycol. Ms. King's medical records have been previously submitted to the defendants.

Just because defendants disagree with Dr. Marks' conclusion contained in his expert report does not mean that it does not comply with Fed. R. Civ. P. 26(a)(2). Throughout their Motion to Compel, defendants challenge the substance, reliability, and credibility of the opinions, rather than the manner they were conveyed. See Defendants' Motion to Compel at 8. Rule 26(a)(2) requires experts to submit their opinions and provide a basis for them in a report, but it does not specify that the experts submit an opinion that all parties will agree with. The purpose of Rule 26(a)(2) is to prevent and/or avoid needless depositions, but not depositions altogether. If defendants do not agree with Dr. Marks' report, they can challenge the reliability, credibility, and the substance of his testimony in a deposition and/or through a *Daubert* motion, but not in a motion to compel.

It is also important to note that plaintiff's counsel attempted to avoid the need for the Defendants' Motion to Compel, and to avoid needlessly protracting this litigation even further. On July 1, 2004 one of the attorneys for the defendants sent a letter informing plaintiff's counsel that it was defendants' position Ms. King's submission did not comply with PTO 114 or Fed. R. Civ. P. 26(a)(2). See Mizgala letter to Fawal, attached hereto as **Exhibit B**. As can be seen from Exhibit B, defendants pointed to no specific deficiencies. Plaintiff's counsel, on July 7, 2004, responded, disagreeing, but advising that if deficiencies were outlined specific Dr. Marks' report on Ms. King, plaintiff's counsel would address them. See Fawal letter to Mizgala, attached hereto as **Exhibit C**. Other than a brief telephone conversation, Plaintiff's counsel received no

E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

response to its inquiry on how it could remedy defendants' problem with Ms. King's submission, and instead received a motion to compel.

## CONCLUSION

For the foregoing reasons, Plaintiff Beatrice King respectfully requests that the Court enter an order denying defendants' Motion to Compel Expert Witness Reports, and allow her valid expert report pursuant to Fed. R. Civ. P. 26(a)(2).

Dated this 29th day of July, 2004.

Respectfully Submitted,

/Signature on file/______________________
A. David Fawal (ASB-4593-W82A)
Archie C. Lamb, Jr. (ASB-1488-A52A)
Attorneys for Plaintiff Beatrice King

**OF COUNSEL:**
***THE LAW OFFICES OF ARCHIE LAMB, LLC***
2017 Second Avenue North, Suite 200
P.O. Box 2088 (35201)
Birmingham, Alabama 35203
Telephone: (205) 324-4644

E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via Verilaw, and to the below counsel additionally by U.S. Mail, postage prepaid and properly addressed on this the 29th day of July, 2004, as follows:

Susan A. Weber
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene Schaerr
SIDNEY AUSTIN BROWN & WOOD LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
(202) 434-5000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
200 South Sixth Street, Suite 600
Minneapolis, MN 55402
(612) 338-1838

Fred T. Magaziner
Robert A. Limbacher
Hope S. Freiwald
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St. 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Mr. F. M. Haston, III
Mr. James W. Gewin
Mr. John David Owen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Ave. N.
Birmingham, AL 35203-2104
(205) 521-8000

E-SERVED
07/29/04
10:01 AM ET
Baycol MDL 1431

Ms. Deanna D. Dailey
Larson King, LLP
2800 Minnesota World Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101

Ronald S. Goldser
Zimmerman Reed
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402

/Signature on file/________________
A. David Fawal